**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| DANIEL KRUG, on his own behalf and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 3:15-cv-1354 |
| v. ) ) | Chief Judge Michael J. Reagan |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, ) ) ) ) | Magistrate Judge Donald G. Wilkerson |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

This case arises from an April 14, 2015 car accident in a parking lot involving the son of Plaintiff Daniel Krug ("Plaintiff") and another driver, who was insured by Defendant American Family Insurance Company ("American Family"). American Family's insured is not a party to this suit.

After investigating the accident, American Family offered to settle with Plaintiff, a third-party claimant, for 70% of the cost to repair the damage to his car. Plaintiff refused the offer, claiming that American Family's insured was 100% at fault. Now, rather than bring a lawsuit against American Family's insured for the cost to repair his car, Plaintiff filed this suit directly against American Family on behalf of a purported "class" alleging American Family has a "practice" of routinely offering to settle with third-party claimants for 70%, rather than all of a third party claimant's claimed damages. Plaintiff seeks statutory and punitive damages under Illinois Insurance Code Section 155—remedies not available to him in a simple property damage car accident suit.

Plaintiff's Class Action Complaint ("Complaint") must be dismissed, however, because Plaintiff, or any third-party claimant, lacks standing to sue under Section 155. Moreover, Plaintiff fails to state a claim for fraud or unjust enrichment, and above all, fails to explain why American Family—or any party in a dispute—should be liable to the opposing side for making a settlement offer of less than 100% of the alleged damages.

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

On or about April 14, 2015, Cody Krug, in a car owned by Plaintiff Daniel Krug ("Plaintiff"), was involved in a car accident with another driver, Renee Marie Cavanaugh ("Ms. Cavanaugh"). (Complaint ¶ 17.) Ms. Cavanaugh struck Plaintiff's vehicle on the front end, passenger side, while Cody Krug was pulling into a parking spot. (*Id.*) According to the police report, Ms. Cavanaugh advised the responding officer she was at fault. (*Id.* at ¶ 18.) The police report also noted Ms. Cavanaugh apologized to Cody Krug and offered to exchange insurance information. (*Id.* at ¶ 19.) At the time of the incident, Ms. Cavanaugh had a policy of insurance issued by American Family that included property damage liability coverage. (*Id.* at ¶ 22.)

Plaintiff submitted a claim to American Family as against Ms. Cavanaugh for the accident, and American Family accepted coverage. (*Id.* at ¶ 23.) Despite alleged evidence that Ms. Cavanaugh was at fault for the accident, American Family offered to settle with Plaintiff for only 70% of the cost to repair the vehicle. (*Id.* at ¶ 24.)

On or about April 28, 2015, Plaintiff, through his counsel, then sent American Family a letter "making it clear that [American Family's] insured was 100% at fault and asking it to reconsider its decision." (*Id.* at ¶ 25.)

On or about May 1, 2015, American Family sent "a response reiterating its wholly unfounded position, standing on its 70% offer and inviting Plaintiff to file a claim against his own insurance." (*Id.* at ¶ 26.)

Plaintiff now alleges "upon information and belief, even when a party to whom [American Family] would owe money pursuant to a property damage claim made against an [American Family] policy of insurance, [American Family] will routinely made [sic] an arbitrary assessment of 30% fault as against that party regardless of the facts surrounding the incident." (Complaint ¶ 2.) "Upon information and belief . . . [American Family] has adopted the practice of routinely assessing 30% fault as against that party, such that the amount of its offer on the claim is only 70% of the fair value of the claim." (*Id*. at ¶ 12.)

Plaintiff alleges, "[u]pon further information and belief, this practice is motivated entirely by an effort to maximize its profits and minimize its payouts at the expense of and in derogation of the rights of those who would be entitled to receive these funds." (*Id*. at ¶ 3.)

Plaintiff brings his Complaint on his own behalf and on behalf of a purported class, including all persons in the State of Illinois who made a third-party property damage claim against an American Family insured. (*Id*. at ¶¶ 4, 27.) According to Plaintiff, American Family's systematic "practice" of arbitrarily assigning fault to third-party claimants, regardless of actual fault, is vexatious and unreasonable conduct in the handling of its claims. (*Id*. at ¶ 38.) Plaintiff and the purported class have been damaged "in that they have either been compelled to take less than they are due in connection with their claim, or in that they have been forced to decline money due to them." (*Id*. at ¶ 39.)

Plaintiff also alleges by "arbitrarily assigning fault to third-party insurance claimants regardless of fault," American Family committed fraudulent misrepresentation and/or omission, and was unjustly enriched by retaining monies that should have been provided to Plaintiff and the purported class. (*Id*. at ¶¶ 43, 49.)

Plaintiff does *not* allege he has secured a judgment against Ms. Cavanaugh or that he is an assignee of Ms. Cavanaugh. Nor is the purported class limited to those who have secured

judgments of liability and assignments from an American Family insured. (*See id.* at ¶ 27.) The Complaint does not identify any basis for why Plaintiff or the purported class of third-party claimants is "entitled to," had "rights" to, or "should have" received any money from American Family. (*See, e.g., id.* at ¶¶ 3, 49.)

Plaintiff filed his complaint in the Circuit Court of St. Clair County for the 20th Judicial Circuit, which was removed to this Court on December 11, 2015, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1453, and 1446. (Notice of Removal, Dkt # 1.) American Family moved to transfer this case on December 23, 2015, to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a) (Dkt #13 and #14). That motion remains pending.

## ARGUMENT

### I.  LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Rule 8(a), which requires a complaint to contain a "plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Although the Court accepts as true well-pleaded facts, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, Rule 9(b) requires "a pleader averring fraud to state 'with particularity' the circumstances alleged to constitute fraud." *In re Woodmar Realty Co.,* 294 F.2d 785, 786 (7th Cir. 1961). The circumstances of fraud include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008). A plaintiff ordinarily must describe "the who, what, when, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 732 (7th Cir. 2014). One of the purposes of the particularity and specificity requirement is to "to force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Nw. Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999).

**II. COUNT I FOR VIOLATION OF ILLINOIS INSURANCE CODE 215 ILCS 5/155 MUST BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING**

Plaintiff claims American Family's alleged practice of arbitrarily assigning fault to third-party claimants, regardless of actual fault, constitutes vexatious and unreasonable conduct in the handling of its claims, in violation of Section 155 of the Illinois Insurance Code. *See* 215 ILCS 5/155. The law is clear, however, that a third-party claimant lacks standing to sue an insurer under Section 155. *Yassin v. Certified Grocers of Ill., Inc.*, 133 Ill.2d 458, 466 (1990); *Statewide Ins. Co. v. Houston Gen. Ins. Co.*, 397 Ill. App. 3d 410, 426 (1st Dist. 2009); *Scroggins v. Allstate Ins. Co.*, 74 Ill. App. 3d 1027, 1036 (1st Dist. 1979) ("entertaining direct action suits [by a third party against an insurer] is contrary to a firmly-fixed public policy"); *Stamps v. Caldwell*, 133 Ill. App. 2d 524, 528 (1st Dist. 1971) ("Section 155 of the Illinois Insurance Code . . . does not extend to third parties."); *Carlsson v. Am. Fam. Ins. Co.*, 2011 IL App (1st) 102916-U, ¶¶ 27,

5

30–31 (third-party claimant lacked standing to pursue a direct cause of action against insurer). Count I, therefore, must be dismissed as a matter of law.

"As a general rule, the remedy embodied in [S]ection 155 of the Insurance Code extends only to the party insured and policy assignees. . . . Therefore, the remedy embodied in [S]ection 155 of the Insurance Code ***does not extend to third parties***." *Yassin*, 133 Ill. 2d at 426 (citations omitted) (emphasis added). This is because Section 155 "simply provides an extracontractual remedy to an action on a policy" by an insured and is not a separate and independent tort. *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 523, 525–26 (1996).

While an insurer has a duty to act in good faith in responding to settlement offers, this duty only extends to its insured, *not* to third-party claimants. *Cramer*, 174 Ill. 2d at 525; *Martin v. State Farm Mut. Auto Ins. Co.*, 348 Ill. App. 3d 846, 850 (1st Dist. 2004) ("the duty in the handling of claims is owed only to the insurance company's insured"); *Scroggins*, 74 Ill. App. 3d at 1030–31 (affirming dismissal of third-party claimants' complaint against the insurer for the allegedly wrongful refusal to settle their claim). Moreover, "an injured third party has no action against the insurer for breach of the duty to exercise good faith or due care by virtue of his standing as judgment creditor of the insured." *Scroggins*, 74 Ill. App. 3d at 1031. "For the same reason, because the duty is intended to benefit the insured and not third parties, actions by injured claimants founded on third party beneficiary principles have not been permitted." *Id*.

Here, Plaintiff is a third-party claimant who is not an assignee under the policy at issue. Plaintiff has no standing to maintain a direct cause of action against American Family under Section 155, and American Family owes no duty to him, or any other member of the purported class, as a third-party claimant. Consequently, Count I of the Complaint must be dismissed as a matter of law.

### III. COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT MISREPRESENTATION AND/OR OMISSION

The elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496 (1996). To prove fraud by the omission, plaintiff must show the existence of a special or fiduciary relationship which would give rise to a duty to speak. *Weidner v. Karlin*, 402 Ill. App. 3d 1084, 1087 (3d Dist. 2010); *Martin*, 348 Ill. App. 3d at 852. No such relationship exists here so Count II should be dismissed because it fails to state a claim for fraudulent misrepresentation or omission.

#### A. Plaintiff Fails to Plead Fraud With Particularity

As an initial matter, Count II should be dismissed for failing to plead fraud with particularity. Rule 9(b) of the Federal Rules of Civil Procedure requires that "in alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *U.S. ex rel. Bogina v. Medline Ind., Inc.*, __ F.3d __, 2016 WL 25611, at *5 (7th Cir. 2016). "Allegations based on 'information and belief' thus won't do in a fraud case." *Id.*

The only allegation identifying any allegedly fraudulent misrepresentations or omissions in Count II is "[b]y arbitrarily assigning fault to third-party insurance claimants regardless of fault, Defendant made false statements of fact, and/or omitted critical information about the true value of the claims, which were material to Plaintiff and the class." (Complaint ¶ 43.) Plaintiff's allegations that American Family adopted a "practice" of routinely making "an arbitrary assessment of 30% fault . . . regardless of the facts surrounding the incident," however, are made only ***on information and belief***, which is not enough to support a cause of action for fraud.

7

(Complaint ¶¶ 2, 3, 12.)  Moreover, Plaintiff fails to specifically identify any critical information that was omitted or false statements of fact.  As such, Plaintiff fails to sufficiently plead the circumstances constituting fraud with particularity, requiring dismissal of Count II.

In fact, Plaintiff's entire Complaint alleges only two instances in which American Family made any statements at all: (1) despite evidence its insured was at fault, American Family offered Plaintiff only 70% of the cost to repair his vehicle (Complaint ¶ 24); (2) and, on or about May 1, 2015, American Family sent a response to Plaintiff's counsel reiterating its "wholly unfounded position," standing on its 70% offer, and inviting Plaintiff to file a claim against his own insurance (Complaint ¶ 26).  Plaintiff never alleges those statements themselves were false, and as discussed below, neither of those statements can be the basis of a fraud claim.

Because Plaintiff fails to plead fraud with particularity, Count II should be dismissed in its entirety.

### B. Plaintiff Did Not Rely on the *Truth* of Any Misrepresentations

Additionally, Count II should be dismissed because Plaintiff did not reasonably rely on the truth of any alleged misrepresentations, an essential element of a fraud claim.  *Connick*, 174 Ill. 2d at 496 (1996).  While a plaintiff's factual assertions are entitled to the assumption of truth on a motion to dismiss, the claim still may be dismissed if the plaintiff "has pled herself out of court by alleging facts that demonstrate she has no viable claim, or if she fails to allege facts that plausibly suggest reliance."  *Roppo v. Travelers Cos.*, 100 F. Supp. 3d 636, 643 (N.D. Ill. 2015) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) and *Iqbal*, 556 U.S. at 678–79).

Assuming the misrepresentations at issue were that American Family's insured was only 70% at fault, at no point does Plaintiff allege he believed American Family's misrepresentations

were *true*. Rather, he affirmatively pleads "there is absolutely no dispute . . . that Ms. Cavanaugh was solely at fault for the accident." (Complaint ¶ 21.)

American Family's first identified communication with Plaintiff was to offer 70% of the cost to repair the vehicle. American Family's statement was an offer, not a false statement of fact. Plaintiff does not and in fact cannot allege American Family's statement was untrue—i.e., that American Family really was not offering to pay 70%, as Plaintiff admits American Family did so. (*See, e.g.,* Complaint ¶¶ 12, 16, 24, 26.) *See Abazari v. Rosalind Franklin Univ. of Med. & Sci.*, 2015 IL App (2d) 140952, ¶ 15 (2015) ("under Illinois law there is no action for promissory fraud, meaning that the alleged misrepresentations must be statements of present or preexisting facts, and not statements of future intent or conduct.") Therefore, there is no misrepresentation.

Even if American Family's offer to pay is construed as a factual representation that it's insured was only 70% at fault (which is not clear from the Complaint), Plaintiff did not rely on the truth of that representation. In fact, Plaintiff pleads the opposite—he sent a letter through counsel "making it clear that [American Family's] insured was 100% at fault." (Complaint ¶ 25.)

The same applies to the second statement made by American Family. Plaintiff alleges on May 1, 2015, American Family sent a response "reiterating its wholly unfounded position" and standing on its 70% offer. (Complaint ¶ 26.) This, again, shows Plaintiff did not believe American Family's position was true.

Plaintiff never alleges that he believed any statement, or relied on any omission, indicating that American Family's insured was only 70% at fault. In fact, he has pled himself out of court by affirmatively alleging he took the position the opposite was true. Therefore,

9

Plaintiff could not have relied on the truth of any alleged misrepresentation made by American Family, and Count II should be dismissed in its entirety.

    **C.    Plaintiff Did Not Suffer Any Damages Resulting From Reliance on Any Alleged Misrepresentations or Omissions**

Count II also should be dismissed on the independent ground that Plaintiff did not suffer any damages resulting from American Family's alleged misrepresentations or omissions. *Connick*, 174 Ill. 2d at 496 (1996). Assuming American Family intended Plaintiff to believe its insured was only 70% at fault—which Plaintiff never believed anyway—Plaintiff did not suffer any damages resulting from any reliance.

The Complaint is devoid of allegations that Plaintiff took any action in reliance on American Family's alleged misrepresentations or omissions. *See Iqbal*, 556 U.S. at 678. Plaintiff alleges only that he and the class "have been damaged in that they have either been compelled to take less than they are due in connection with their claim, or in that they have been forced to decline money due to them." (Complaint ¶ 46.) In essence, Plaintiff claims he was damaged by having to accept or reject a settlement offer from an adverse party. Plaintiff's position is therefore nonsensical and should be dismissed as a matter of law.

Moreover, Plaintiff notably does *not* actually allege he accepted American Family's 70% settlement offer. Therefore, he is not alleging he gave up 30% of his claimed damages from the car accident in reliance on American Family's statements. Plaintiff's alternative claim that he was damaged by being "forced to decline money due to [him]" cannot succeed as a matter of law. Plaintiff is not legally owed any money by American Family: unlike the policyholder, he has no contractual rights against American Family; he does not plead he has a judgment against American Family's insured; and he is not an assignee of American Family's insured. *See Cramer*, 174 Ill. 2d at 525 (policyholder has an explicit contractual remedy, but insurer has no

duty to third-party claimant); *Scroggins*, 74 Ill. App. 3d at 1031 (direct actions by judgment creditors against insurers are barred; thus, actions by plaintiffs "who are at best *potential* judgment creditors" because no judgment has yet been rendered are clearly barred from bringing an action against an insurer).

Plaintiff cannot be damaged because he still has what he has always had—the ability to bring suit against American Family's insured for a claim of property damage resulting from the car accident. Because Plaintiff has not suffered any damages in reliance on American Family's alleged misrepresentations or omissions, Count II should be dismissed in its entirety.

### D.     American Family Had No Duty to Disclose

Count II for fraudulent omission also should be dismissed because American Family did not have any special or fiduciary relationship with plaintiff and, therefore, it had no duty to disclose. *Weidner*, 402 Ill. App. 3d at 1087 ("[I]n order to prove fraud by the omission of a material fact, it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak.").

Plaintiff alleges American Family "has a duty to be guided by the actual facts of the case, and to administer the claims in good faith." (Complaint ¶ 11.) But American Family has no duty to Plaintiff because, as a matter of law, an insurer only owes a duty of good faith and fair dealing in handling claims to its insured, not a third-party claimant. *Martin*, 348 Ill. App. 3d at 850 (to extend duty to third-party claimants would place the insurer in the untenable position of owing a duty of good faith to both the insured tortfeasor and his adversary). It is also well-settled that no fiduciary relationship exists between an insurer and an insured as a matter of law, much less between an insurer and a third-party claimant. *Id.* at 850–51. Rather, "the negotiations conducted between a third-party claimant and a defending insurer are arm's length and adversarial in nature," and "courts have declined to recognize a special duty extending from

the insurer to the third-party claimant, even where the third-party claimant is also insured by the same insurer." *Id*. at 850. Plaintiff does not plead any facts establishing a special or fiduciary relationship with American Family that would give rise to a duty to disclose. For this additional reason, Count II fails to state a claim for fraudulent omission and should be dismissed.

**IV. COUNT III MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT**

**A. There Is No Unjust Enrichment Because Plaintiff Has No Legal Right to Any Money**

In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011).

American Family is not unjustly enriched because it has not retained any benefit to the plaintiff's detriment. Although Plaintiff alleges in conclusory fashion that "[t]he funds at issue, in law and in equity, rightfully belong to the Plaintiff," Plaintiff fails to plead any legal entitlement to money from American Family, in the absence of a judgment and an assignment. (Complaint ¶ 53.) Notably, there is no authority that a third-party claimant has any right to receive funds from an insurer prior to securing any kind of judgment of liability against the insured. Again, an insurer owes no duty to settle with a third-party claimant, and a third-party claimant cannot bring an action against an insurer except as an assignee of an insured. *Scroggins*, 74 Ill. App. 3d at 1031. An insurer is well within its rights, as against a third-party claimant, to decline to settle and force the claimant to litigate its claims. *See Cramer*, 174 Ill. 2d at 524–25. Count III thus must be dismissed.

### B. Because Counts I and II Fail, Count III Should Be Dismissed

Importantly, what makes the retention of a benefit "unjust" is often due to some improper conduct by the defendant. *Id*. at 517. "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Id*.

Here, the conduct alleged to be unjust: "arbitrarily assigning fault to third-party insurance claimants regardless of fault," also forms the basis of Plaintiff's Section 155 and fraud claim. (*See* Complaint ¶¶ 12, 16, 37–38, 42–43, 48–49.) Because, as discussed above, the Plaintiff's Section 155 and fraud claims must be dismissed, Plaintiff's unjust enrichment claim also must be dismissed. *Cleary*, 656 F.3d at 517 (quoting *Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) ("[W]"here the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well.")).

Putting aside the fact that Plaintiff's unjust enrichment claim must fall with his fraud claim, even if American Family *did* only make offers up to 70% of the total amount claimed, that is not unjust conduct, because Plaintiff always has the option to decline the offer and sue for damages instead.[1] To conclude otherwise results in the erroneous outcome that any time a party makes a settlement offer for less than 100% of the amount in controversy—"forcing" the other

---

[1] Plaintiff tries to avoid this result by alleging there is a significant disparity in bargaining power between claimants and an insurer handling the claim, and "it is not generally economically feasible for a claimant to hire an attorney or litigate a property damage claim." (Complaint ¶ 13.) But Plaintiff does not allege this applies to his actual claim at issue—to the contrary, he pleads he did have an attorney representing him in negotiations with American Family. (Complaint ¶ 25.) Speculative allegations about unknown claimants other than Plaintiff are not enough to show that American Family was unjustly enriched by making a settlement offer of 70%. *See Twombly*, 550 U.S. at 555 (allegations "must be enough to raise a right to relief above the speculative level").

party to either accept or refuse the offer— gives rise to an unjust enrichment claim. That cannot be correct. Parties rarely offer to settle by paying the total amount in controversy, and every recipient of a settlement offer must either accept or decline it. If making an offer for less than 100% of the value of a claim is enough to subject a party to additional theories of liability, no one would ever attempt to settle a claim prior to litigation, in contravention of Illinois public policy. *See Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 518 (2003) (Illinois public policy favors the settlement of claims and the resulting avoidance of litigation). For the reasons stated above, therefore, Count III should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant American Family Mutual Insurance Company respectfully requests this Court dismiss the Complaint with prejudice. American Family also requests this Court grant any other relief it deems just and proper.

Dated: January 7, 2016　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/John A. Roberts
　　　　　　　　　　　　　　　　　　　　John A. Roberts (#6220432)
　　　　　　　　　　　　　　　　　　　　Heather H. Harrison (#6299693)
　　　　　　　　　　　　　　　　　　　　FAEGRE BAKER DANIELS LLP
　　　　　　　　　　　　　　　　　　　　311 South Wacker Drive
　　　　　　　　　　　　　　　　　　　　Suite 4400
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　Tel: (312) 212-6500
　　　　　　　　　　　　　　　　　　　　Fax: (312) 212-6501
　　　　　　　　　　　　　　　　　　　　john.roberts@faegrebd.com
　　　　　　　　　　　　　　　　　　　　heather.harrison@faegrebd.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant American Family Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2016, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** with the Clerk of the Court to be served by operation of the Court's CM/ECF system upon all counsel of record.

By: /s/John A. Roberts
John A. Roberts (#6220432)
Heather H. Harrison (#6299693)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive
Suite 4400
Chicago, IL 60606
Tel: (312) 212-6500
Fax: (312) 212-6501
john.roberts@faegrebd.com
heather.harrison@faegrebd.com

*Attorneys for Defendant American Family Mutual Insurance Company*